1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHAHEED SCOTT, SR.,                                No.  2:16-cv-1927 KJN P

12                   Plaintiff,

13         v.                                            ORDER

14    ROBERT W. FOX, et al.,

15                   Defendants.[1]

16

17         Plaintiff is a former state prisoner, proceeding pro se.  Plaintiff seeks relief pursuant to 42

18    U.S.C. § 1983, and paid the court's filing fee.  This proceeding was referred to this court by Local

19    Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff consented to proceed before the

20    undersigned for all purposes.  See 28 U.S.C. § 636(c).

21         The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24    _____

25    [1]  Although plaintiff listed the California Department of Corrections and Rehabilitation and the
      California Medical Facility as defendants in the caption of his pleading, plaintiff did not include
26    them as named defendants in his pleading.  Moreover, the Eleventh Amendment bars suits
      brought by private parties against a state or state agency unless the state or the agency consents to
27    such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) (per
      curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  The Clerk of the Court
28    is directed to remove their names from the list of defendants on the court's docket.

                                                      1

1   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3           A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

5   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9   Cir. 1989); Franklin, 745 F.2d at 1227.

10          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

11  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

12  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

13  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

14  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

15  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

16  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

17  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

18  McKeithen, 395 U.S. 411, 421 (1969).

19          Plaintiff's complaint seeks damages for allegedly illegal confinement which resulted from

20  a delay in his release to parole.  He claims that this delay violates his right to due process, equal

21  protection, and constitutes cruel and unusual punishment.  A complaint must be dismissed for

22  failure to state a claim if "judgment in favor of the plaintiff would necessarily imply the invalidity

23  of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or

24  sentence has already been invalidated."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  "[A]

25  challenge to the procedures used in the denial of parole necessarily implicates the validity of the

26  denial of parole and, therefore, the prisoner's continuing confinement."  Butterfield v. Bail, 120

27  F.3d 1023, 1024 (9th Cir. 1997).  While plaintiff has not been denied parole, he alleges that his

28  release on parole was delayed.  See Scott v. Urlich, 370 Fed. App'x 970, 970-71 (10th Cir. 2010)

1   ("[t]he rule in Heck . . . applies to 'proceedings that call into question the fact or duration of

2   parole or probation. . .'", and the district court concluded that -- absent  any indication that the

3   decision to delay Mr. Scott's release on parole had been invalidated -- he could "not recover

4   damages for the claims he [raised] . . . because those claims challenge the validity of the decision

5   to delay his release on parole.")

6         Plaintiff's success on his claim in this court necessarily would imply the invalidity of his

7   extended confinement.  Thus, unless he can show that the remedy of habeas corpus is unavailable

8   through no fault of his own, this action must be dismissed.  See Cunningham v. Gates, 312 F.3d

9   1148, 1153 n.3 (9th Cir. 2002) (Heck bar applies where plaintiff could have sought habeas relief

10  but did not).  To proceed on this claim, plaintiff must demonstrate that this extended confinement

11  already has been invalidated or that habeas procedures are unavailable to him through no fault of

12  his own.

13        Therefore, to proceed plaintiff must file an amended complaint.  Any amended complaint

14  must show that the federal court has jurisdiction and that plaintiff's action is brought in the right

15  place, and that plaintiff is entitled to relief if plaintiff's allegations are true.  Plaintiff must

16  identify as a defendant only persons who personally participated in a substantial way in depriving

17  plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a

18  person subjects another to the deprivation of a constitutional right if he does an act, participates in

19  another's act or omits to perform an act he is legally required to do that causes the alleged

20  deprivation).  For example, prisoners have no Fourteenth Amendment liberty interest in a right to

21  appeal adverse decisions by prison authorities.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

22  1988) ("There is no legitimate claim of entitlement to a grievance procedure.").  In Ramirez v.

23  Galaza, 334 F.3d 850, 860 (9th Cir. 2003), the Ninth Circuit confirmed that a prisoner may not

24  challenge an administrative disciplinary appeals process on Due Process grounds, confirming that

25  "inmates lack a constitutional entitlement to a specific prison grievance procedure." Id.  Thus,

26  plaintiff cannot state cognizable due process claims against defendants Artis and Briggs based on

27  their role in addressing plaintiff's administrative appeals.

28  ////

3

1      Moreover, plaintiff may not file a petition for writ of habeas corpus in this action to

2   convert it to an action under 28 U.S.C. § 2254, unless he has first exhausted his state court

3   remedies.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for

4   writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

5   explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion, thus, may

6   not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

7   highest state court with a full and fair opportunity to consider all claims before presenting them to

8   the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

9   1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).[3]

10      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

11   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

12   Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

13   each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

14   is some affirmative link or connection between a defendant's actions and the claimed deprivation.

15   Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

16   Furthermore, vague and conclusory allegations of official participation in civil rights violations

17   are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

19   make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

20   complaint be complete in itself without reference to any prior pleading.  This requirement is

21   because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

22   Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

23   _____

24   [2] A habeas petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

25   [3]  Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for
26   filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will
     start to run on the date on which the state court judgment became final by the conclusion of direct
27   review or the expiration of time for seeking direct review, although the statute of limitations is
     tolled while a properly filed application for state post-conviction or other collateral review is
28   pending.  28 U.S.C. § 2244(d).

1  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

2  original complaint, each claim and the involvement of each defendant must be sufficiently

3  alleged.

4        In accordance with the above, IT IS HEREBY ORDERED that:

5        1.  The Clerk of the Court is directed to remove the California Department of Corrections

6  and Rehabilitation and the California Medical Facility set forth as defendants on the court's

7  docket.

8        2.  Plaintiff's complaint is dismissed.

9        3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

10  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

11  Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

12  assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

13  two copies of the amended complaint; failure to file an amended complaint in accordance with

14  this order will result in a recommendation that this action be dismissed.

15        4.  The Clerk of the Court is directed to send plaintiff the forms for filing a civil rights

16  complaint by a prisoner, and a petition for writ of habeas corpus.

17  Dated:  September 9, 2016

18  _____

19  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE
    /scot1927.14

20

21

22

23

24

25

26

27

28

5