UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHEED SCOTT, SR., | No. 2:16-cv-1927 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT W. FOX, et al., | |
| Defendants. | |

I. Introduction

  Plaintiff is a former state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and paid the court's filing fee. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

  As plaintiff was previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). As set forth below, this action is dismissed.

II. Background

  Plaintiff was convicted of first degree murder in Los Angeles County on October 14, 1977, and sentenced to life in prison. (ECF No. 5 at 33.) He was granted parole at his 12th subsequent Board of Parole Hearings ("BPH") on July 17, 2014. (ECF No. 5 at 29.) The BPH

1  calculated plaintiff's minimum eligible parole date ("MEPD") as February 2, 1984.  (ECF No. 5
2  at 32.)  The BPH forwarded the recommended parole for the Governor's review, and plaintiff was
3  informed that the Governor's office had up to 180 days to review the parole grant and determine
4  whether the decision would be approved or disapproved.  (Id.)  The Governor reviews parole
5  decisions regarding prisoners convicted of murder pursuant to his authority under Article V,
6  § 8(b) of the California Constitution and California Penal Code § 3041.2.  It appears plaintiff was
7  released on September 18, 2014.  (ECF No. 5 at 4.)

III.  Plaintiff's Allegations

Plaintiff claims his parole was delayed beyond his July 2, 1984 "minimum earliest possible release date," and an additional period from July 17, 2014, the date parole was granted, and September 18, 2014, the date he was released.  (ECF No. 5 at 4.)  Plaintiff's amended complaint seeks damages for the allegedly illegal confinement which resulted from the delay in his release to parole.  He claims that this delay violates his right to due process, and constitutes cruel and unusual punishment.  Plaintiff appended his original complaint (ECF No. 5 at 9-16), as well as a complaint addressed to the Solano County Superior Court, signed October 25, 2015 (ECF No. 5 at 17-26), as well as other exhibits.

In his second claim, while not entirely clear, plaintiff appears to allege that he was denied due process, access to the court, and his Eighth Amendment rights, when defendants cancelled his administrative grievances.

Plaintiff also alleges "breach of contract and general negligence for impartial review for declaratory and compensation damages."  (ECF No. 5-1 at 1-13.)  Plaintiff again recounts his administrative appeals filed in an effort to gain earlier release after he was granted parole on July 17, 2014.

IV.  Discussion

In his filing, plaintiff submitted three different complaints.  The first two complaints, included in part one of plaintiff's amended complaint, docketed as ECF No. 5, appear to be identical to the first 42 pages of plaintiff's original filing.  Indeed, all four complaints bear the same signature date: October 8, 2016.  Part two of his filing, docketed as ECF No. 5-1, included

2

1  a new complaint alleging breach of contract and negligence, although it, too, bears the same date
2  as plaintiff's original filing. (Id.) Despite plaintiff's failure to properly raise all of his allegations
3  in one complaint, the undersigned evaluates his claims below, and determines that this action
4  should be dismissed without further leave to amend.

   A. MEPD

6  Initially, it appears that plaintiff believes that February 2, 1984, his MEPD, was the date
7  he should have been released on parole. Plaintiff is mistaken. Plaintiff's MEPD did not set an
8  actual parole release date. Rather, the MEPD is "[t]he *earliest* date on which [a] life prisoner may
9  legally be released on parole." Cal. Code Regs. tit. 15, § 2000(b)(67) (emphasis added). In other
10 words, an inmate serving a life term cannot be released on parole until his MEPD has passed. Id.
11 However, regardless of the inmate's MEPD, he will not be released on parole until the
12 BPH finds him suitable for parole. Id. Once the inmate is found suitable for parole, the actual
13 term of incarceration is determined by the BPH. Id.; Cal. Code Regs. tit. 15, §§ 2401(a), 2403.
14 The BPH sets a base term of confinement, and has the discretion to shorten that term through a
15 separate post-conviction credit scheme. Cal. Code Regs. tit. 15, §§ 2403, 2401. However, if the
16 time the prisoner has already served exceeds the term the BPH calculates, the BPH designates the
17 prisoner for release.[1] In re Ronnie Gene Bush, on Habeas Corpus, 161 Cal. App. 4th, 74 Cal.
18 Rptr. 3d 256 (Cal. 2008). Plaintiff was not entitled to be released until he was found suitable by
19 both the BPH and the Governor. See In re Lawrence, 44 Cal. 4th 1181, 1210 (2008).
20 Therefore, the duration of an inmate's incarceration on a life term is determined by the
21 BPH, not the prisoner's MEPD. Here, the record reflects that plaintiff was not granted parole
22 until his 12th parole consideration hearing when the BPH found him suitable for parole on July

---

[1] "Because the parole suitability determination and the prison term calculation are directed at different factors, a prisoner may end up serving years more than the term calculated by the Board once he is found suitable for parole. See Bush, 161 Cal. App. 4th at 142, 74 Cal. Rptr. 3d 256. In other words, though consideration of only the base offense might suggest an appropriate prison term of X years, characteristics unique to the inmate properly considered in the parole suitability determination (such as past criminal record, prison disciplinary record, plans for parole, etc.) may lead the Board to conclude that he is not "suitable" for parole until he has served more than X years." Pearson v. Muntz, 639 F.3d 1185, 1188 (9th Cir. 2011).

3

17, 2014, and plaintiff could not be released until the Governor found plaintiff suitable for parole as well.

### B. Claim for Damages Barred by Heck

Plaintiff again seeks damages for allegedly illegal confinement which resulted from an alleged delay in his scheduled release to parole. He claims that this delay violates his right to due process.

A complaint must be dismissed for failure to state a claim if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "[A] challenge to the procedures used in the denial of parole necessarily implicates the validity of the denial of parole and, therefore, the prisoner's continuing confinement." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997). While plaintiff was not denied parole, his scheduled release was delayed. Plaintiff's success on his claim in this court necessarily would imply the invalidity of his extended confinement. Thus, unless he can show that the remedy of habeas corpus is unavailable through no fault of his own, this action must be dismissed. See Cunningham v. Gates, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002) (Heck bar applies where plaintiff could have sought habeas relief but did not). To proceed on this claim, plaintiff must demonstrate that this extended confinement has been invalidated or that habeas procedures are unavailable to him through no fault of his own.

Court records reflect that in Scott v. Kernan, No. 2:92-cv-0525 DFL JFM (E.D. Cal.), plaintiff filed a petition for writ of habeas corpus. Id. However, the petition was denied on February 4, 1994, and the decision of the district court was affirmed on appeal on October 20, 1994. Id. No other petitions for writ of habeas corpus have been filed by plaintiff in the Eastern District of California. Because petitioner was convicted in Los Angeles County, a petition challenging his conviction or duration of his sentence might be filed in the Central District of California. However, a PACER (public access to court electronic records) search of the CM/ECF records in the Central District of California revealed no petitions for writ of habeas corpus filed by plaintiff. PACER, https://www.pacer.gov/ (accessed March 9, 2017). Thus, plaintiff's

delayed confinement has not been invalidated through a petition for writ of habeas corpus filed in the Eastern or Central Districts of California.

Plaintiff was previously provided the governing standards in the court's prior screening order. The undersigned provided plaintiff these standards in screening plaintiff's original complaint. In response, plaintiff changed some of his pleading, but fails to demonstrate that habeas relief was unavailable through no fault of his own or that his continued confinement has been invalidated.

### C. Administrative Appeals

#### 1. Due Process

As plaintiff was informed in the court's prior screening order, he cannot state a due process claim based on the handling of administrative appeals or grievances.

The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

#### 2. Eighth Amendment

Plaintiff's attempt to state an Eighth Amendment claim based on the handling of his inmate appeals also fails.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted). "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (quoting Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995)).

Plaintiff's allegations fall far short of such standards. Plaintiff fails to identify how he was deprived of life's necessities or a basic human need. Plaintiff "cannot rely on a vague conclusion" that he has suffered a violation of the Eighth Amendment. Hoptowit v. Ray, 682 F.2d 1237, 1287 (9th Cir. 1982). Plaintiff's Eighth Amendment claims are dismissed.

### 3. Access to the Court

Prisoners have a constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977), limited in part on other grounds by Lewis, 518 U.S. at 354. The right of access to the courts is limited to non-frivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. See Lewis, 518 U.S. at 353 n.3, 354-55. In order to frame a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. Lewis, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348 (citation and internal quotations omitted); see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (noting that "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to a claim for denial of access to legal materials) (citing

Lewis, 518 U.S. at 353 & n.4).

Here, plaintiff fails to state facts suggesting an actual injury to his court access. Indeed, plaintiff was able to file the instant action challenging the alleged wrongful delayed parole and extended incarceration. Therefore, plaintiff cannot state a cognizable access to courts claim based on the allegations raised herein. Plaintiff's access to the courts claim must be dismissed.

### 4. State Law Claims

Plaintiff also appended to his filing a copy of his Solano County Superior Court complaint alleging a violation of the California Tort Claims Act. (ECF No. 5 at 17-36.) Plaintiff's third complaint attempts to raise state law claims of breach of contract and negligence as federal civil rights claims. (ECF No. 5-1.) The allegations are all based on plaintiff's claim that his parole was delayed.

However, state law tort, negligence, or breach of contract claims do not confer federal subject matter jurisdiction. See Galen v. County of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007) ("Section 1983 requires [plaintiff] to demonstrate a violation of federal law, not state law."). The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction, if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In the absence of a cognizable federal claim, this court should not exercise supplemental jurisdiction over plaintiff's putative state law claims. Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims upon dismissal of all claims over which it has original jurisdiction).

Here, because plaintiff has not alleged a cognizable federal claim, the court will not exercise supplemental jurisdiction over plaintiff's state law claims.

## V. Leave to Amend

Plaintiff may not file a petition for writ of habeas corpus in this action to convert it to an action under 28 U.S.C. § 2254, unless he has first exhausted his state court remedies. Plaintiff is

informed that the exhaustion of administrative appeals through the prison grievance procedure is not the same as exhausting remedies in state court. Rather, the exhaustion procedure discussed here involves filing petitions for writs of habeas corpus in California courts. The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A prisoner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).[3] Usually, this is accomplished by filing a petition for writ of habeas corpus in the California Supreme Court.

As noted above, plaintiff has not filed a petition for writ of habeas corpus challenging the alleged unlawful detention. Therefore, this court cannot convert this action into an action under 28 U.S.C. § 2254 because plaintiff must have exhausted those state court remedies prior to filing the instant action.

For all of the above reasons, plaintiff cannot amend his complaint to rectify the deficiencies set forth above. Therefore, this action must be dismissed without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed without prejudice; and

////

////

////

---

[2] A habeas petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Plaintiff is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

    2.  The Clerk of the Court is directed to enter judgment.

Dated:  March 15, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/scot1927.56

9