UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAHEED SCOTT, SR., | No. 2:16-cv-1927 KJN P |
| Plaintiff, | |
| v. | ORDER |
| ROBERT W. FOX, et al., | |
| Defendants. | |

Plaintiff is a former prisoner. This civil rights action, filed under 42 U.S.C. § 1983, was dismissed and judgment entered on March 15, 2017. On April 9, 2018, plaintiff filed a motion for extension of time in which to exhaust his state court remedies. However, the instant action was not filed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. Indeed, as the court advised plaintiff in the March 15, 2017 order, plaintiff did not file a petition for writ of habeas corpus challenging an alleged unlawful detention in this action. (ECF No. 6 at 7.) Rather, plaintiff filed a civil rights action seeking money damages.

If plaintiff wishes to pursue habeas relief, he must file a petition for writ of habeas corpus. The court will direct the Clerk to send plaintiff the forms necessary to do so.[1] In addition, if

---

[1] As plaintiff was previously advised, the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the

plaintiff seeks to stay the new case while he pursues exhaustion of state court remedies, he must file a motion for stay in which he explains the type of stay he seeks. There are two kinds of stays available to a § 2254 petitioner who wishes to exhaust claims in state court: one established by Rhines v. Weber, 544 U.S. 269 (2005), and the other by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002). The Rhines stay procedure may be applied both to petitions which contain only unexhausted claims and to petitions that are "mixed" -- that is, petitions containing both exhausted and unexhausted claims. See Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). Under Rhines, the district court stays the petition in its entirety, without requiring dismissal of any unexhausted claims, while the petitioner attempts to exhaust them in state court. King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Regardless of whether the petition is fully unexhausted or "mixed," a Rhines stay is available only where (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition, (2) the unexhausted claim or claims potentially have merit, and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78.

Under the alternative procedure outlined in Kelly, a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition by way of amendment. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. If the petition in question is "mixed," the petitioner seeking a Kelly stay must first dismiss the unexhausted claims from the petition and then seek to add them back after exhausting them in state court. King, 564 F.3d at 1138-39. However, the previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1). King, 564 F.3d at 1140-41.

Overall, a Rhines stay is much harder to get but preserves the federal filing date of the previously unexhausted claims for purposes of the statute of limitations. A Kelly stay is easier to get, but does not provide any protection against newly exhausted claims becoming time-barred during the exhaustion process. See King, 564 F.3d at 1133. If plaintiff files a motion for stay

---

statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2

under Rhines, he must address each of the three elements delineated above in his motion for stay. Id., 544 U.S. at 277-78.

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 8) is denied; and

2. The Clerk of the Court shall send plaintiff the form for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254, and an application to proceed in forma pauperis.

Dated: April 12, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/scot1927.36